UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

In re:

DANIEL THOMAS GARGAN AND
MARY TURGEON WYNNE

       Debtors.

---------------------------------------------------

SANDRA D. EVANS

Plaintiff,

vs.

DANIEL THOMAS GARGAN AND
MARY TURGEON WYNNE individually
and as husband and wife, Defendants.

BANKRUPTCY CASE NO.   14-30017
Chapter 13


Adv. No.


_____

     COMES NOW SANDRA D. EVANS, by and through her attorneys of record, CHARLES R. STEINBERG, of The Steinberg Law Firm, PS and JAMES E. CARLON of The Carlon Law Office, and hereby requests the Court to enter an Order determining that the Debt owed to SANDRA D. EVANS by Debtors DAN GARGAN AND MARY T. WYNNE is Non-Dischargeable, pursuant to 11 USC 523 (a) (4):

In support thereof the following is alleged:

     1. JURISDICTION.   This court has jurisdiction over this proceeding under 28 USC Sec. 1334 (a) and (b), and 28 USC Sec. 157 (a) and (b).

This is a Core Proceeding under 28 USC Sec.  157(b)(2)(I) as it involves a determination as to the Dischargeability of a particular debt under 11 USC 523 (a)(4).

     2.  VENUE is appropriate pursuant to 28 USC Sec. 1409 ( a ).

     3.  FIDUCIARY RELATIONSHIP.   Plaintiff Sandra Evans hired Attorney Mary T. Wynne to assist in legal matters relating to her father Wapato Bill Evans' estate, back in 2001. From 2001 through 2009, Attorney Mary T. Wynne and her husband and employee in the

WYNNE LAW FIRM, Daniel T. Gargan, gained control over the assets of Sandra D. Evans, and they advised her in investments to make, and additionally, they borrowed monies from her, and used monies of Sandra Evans to purchase real property in their names.   Sandra D. Evans appointed Daniel Gargan and Mary T. Wynne as attorney in fact and also as her attorney.

4.   Sandra D. Evans, at the recommendation and urging of Mary T. Wynne, hired Daniel Gargan to be her financial advisor.

5.   From her father's estate, Sandra D. Evans was to receive income for life from real property known as MA-10, which amounted to over a million dollars per year.  Sandra Evan's nephews and Sandra Evans had a disagreement over the settlement of her father's estate. A settlement was reached, which called for Sandra D. Evans to loan her nephews a portion of the MA-10 monies, so that her nephews could invest the monies.  Sandra Evans was told by Dan Gargan and Mary Wynne that the monies were being set aside for the nephews, when in fact it was not.  The nephews sued Sandra Evans, which resulted in a money judgment against Sandra Evans for damages in the amount of  $1,355,099.62, and Attorneys Fees in the amount of $623,521.50, plus interest.

6.   During the time that Daniel Gargan and Mary T. Wynne had control over the finances of Sandra Evans, they advised her about various investments.  Some were in a corporation known as First Phoenix International, a corporation where Sandra Evans fronted the monies, and the board of directors were Mary T. Wynne, Daniel Gargan, and a person known as Thomas Frederick.   First Pheonix corporation never made any monies.

7.   As attorney in fact, and financial advisor, DANIEL T. GARGAN owed a fiduciary duty to Sandra Evans.

8.   As attorney at law, and directing monies of Sandra Evans, Mary T. Wynne owed a fiduciary duty to Sandra Evans.

9.   Sandra Evans requested several times for an accounting of her monies and where her monies were being spent from Dan Gargan and Mary Wynne.  No accounting was ever forthcoming.

10.   A forensic accounting was performed of MA-10 Monies received by Daniel Gargan and Mary T. Wynne for Sandra Evans for the period of time from Febuary 21, 2007 through January 20, 2010.   The accounting shows that $4,029,349.05 was received, and that SANDRA EVANS' expenses were $746,938.97 for that same time period.

11.  Based upon the forensic accounting, it appears that during that time period, Dan Gargan and Mary T. Wynne, used Sandra Evans' funds for their personal expenses in the approximate amount of $262,565.73, additionally Dan Gargan paid himself the sum of $544,565.73 for his fees and expenses.

12.  Even factoring in the above figures, it appears there is "missing" the sum of $2,475.278.62.

13.  Mary T. Wynne advised Sandra Evans, that Sandra did not need to worry about a thing, and that Mary had stashed monies for her, and that there was enough stashed to keep Sandra Evans going for at least ten years.

14.  When Sandra asked for more monies to live on, Dan Gargan and Mary Wynne would tell her the money was all gone, and spent on legal fees.

15.  The fiduciaries, Mary T. Wynne, and Dan Gargan have failed to account for the monies of Sandra Evans.

16.  Mary T. Wynne and Dan Gargan committed fraud or defalcation, while acting in a fiduciary capacity, and the debt owed to Sandra Evans should be completely excepted from Discharge.

WHEREFORE, having alleged the above facts, Plaintiff SANDRA D. EVANS requests the court issue an Order that pursuant to 11 USC Section 523 (a)(4), the entire debt owed to SANDRA DIANE EVANS by DANIEL GARGAN and MARY T. WYNNE are for fraud or defalcation while acting in a fiduciary capacity, and should be excepted from Discharge, plus an award of reasonable attorneys fees and costs allowed by law.

DATED this 14th day of July, 2014.

___/s/ Charles R. Steinberg_____
CHARLES R. STEINBERG, Admitted Pro Hac Vice
323 N Miller Street
Wenatchee, WA  98801
509 662 3202
509 662 5221 fax

DATED this 14th day of July, 2014.

           \_\_\_/s/ JAMES E. CARLON_____

           James E. Carlon Attorney for Plaintiff

           PO Box 249

           Pierre, SD 57501-0249 (605) 224-5880